USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 97-1081 JOHN J. SHAUGHNESSY, Plaintiff, Appellant, v. CITY OF LACONIA, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Steven J. McAuliffe, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Stahl and Lynch, Circuit Judges. ______________ ____________________ John J. Shaughnessy on brief pro se. ___________________ John T. Alexander and Ransmeier & Spellman on brief for ___________________ ______________________ appellees. ____________________ September 22, 1997 ____________________ Per Curiam. In this appeal, pro se in forma ___________ pauperis appellant John Shaughnessy objects to the dismissal of his civil rights action asserting a due process claim.1 1 The action was dismissed under 28 U.S.C. 1915(e)(2)(B)(ii), which requires dismissal of an in forma pauperis complaint "at any time" if it fails to state a claim for relief. We affirm. In his suit, Shaughnessy alleged that the City of Laconia and various individual defendants denied him due process of law by failing to review or hold a hearing on his claim that he had not received the veterans employment preference described in N.H. Rev. Stat. Ann. 283 and the City's affirmative action plan when he applied for the position of Director of Personnel and Purchasing in 1994 and for the position of Assessing Technician in 1995. Shaughnessy failed to state a claim for relief because he failed to make sufficient factual allegations to show that he had a property interest in the preference, i.e., that he was entitled to the preference. See 2 Moore's Federal Practice  ___ ________________________ 12.34[4][a], at 12-71 (3d ed. 1997) ("Dismissal [of a  ____________________ 1While the complaint asserted other claims as well, on 1 appeal Shaugnessy has not presented developed argumentation regarding those claims. Accordingly, we do not consider them. See Martinez v. Colon, 54 F.3d 980, 990 (1st Cir. ___ ________ _____ 1995) ("It is settled in this circuit that issues adverted to on appeal in a perfunctory manner, unaccompanied by some developed argumentation, are deemed to have been abandoned.") (quotation marks and citation omitted).  -2- complaint] is proper if the complaint lacks an allegation regarding an element necessary to obtain relief."). First, he did not allege that he had furnished the City proof of his entitlement to the veterans preference at the time he applied for employment, as required by N.H. Rev. Stat. Ann. 283:7. That provision states, "Veterans, in order to be entitled to preference under this subdivision, shall furnish proof of such entitlement to the hiring authority . . . when applying for employment." Second, he did not allege that he had requested the preference on his employment application, as required by the City's affirmative action plan. Affirmed. _________ -3-